William E. MITCHELL, Movant,

v.

KENTUCKY BAR ASSOCIATION,
Respondent.

No. 96–SC–387–KB.

Supreme Court of Kentucky.

June 20, 1996.

**OPINION AND ORDER**

STEPHENS, Chief Justice.

William E. Mitchell was charged by the Inquiry Tribunal of the Kentucky Bar Association with five counts of unethical conduct. The Kentucky Bar Association acknowledges after extensive discovery, and this Court agrees, that three counts are not supported by substantial evidence. Mitchell admits to the misconduct which led to the other counts against him. Due to mitigating circumstances and the fact that no prejudice inured to his client, Mitchell requests that this Court enter a public reprimand in disposition of the charge against him. The Kentucky Bar Association does not object to Mitchell's motion.

By order entered January 31, 1991, William Mitchell was appointed public administrator of an estate. Three groups of beneficiaries, each represented by separate counsel, were in conflict. The administration of the estate was complex, both because of the antagonistic parties and the issues involved.

In January and February of 1992, Mitchell told two of the residuary legatees (adult children of the decedent) that an action to determine ownership of some disputed assets of the estate had been filed. In February, the heirs discovered that no such suit had been filed. Mitchell did file the suit in March of 1992, without any prejudice to the estate. At about that time, Mitchell resigned as public administrator. Mitchell was replaced by another attorney who has effected settlement of the estate. Mitchell did not request any fee for his administration of the estate from January, 1991, to March, 1992.

Mitchell admits that his statements to the heirs were material misrepresentations of fact, in violation of SCR 3.130–4.1 and SCR 3.130–8.3(c). In support of his motion for public reprimand, he offers mitigating factors to demonstrate that his misconduct occurred when he was suffering from an impaired mental state.

In September, 1991, Mitchell's sole law partner retired. In October, 1991, Mitchell suffered a severe leg and hip fracture which required hospitalization, surgery and bed confinement for six weeks. His first surgery was unsuccessful, leaving him with one leg shorter than the other, an abnormal hip alignment and a bone protruding into his right thigh muscle. He was in severe pain and had great difficulty walking. Mitchell returned to the office for only a few hours at a time in December 1991. At that time, he had to deal with being a sole practitioner and with the fact that he had to dismiss one of his two secretaries during the period he was out of the office. In addition, Mitchell was having personal problems due to his separation from his wife of 21 years.

Mitchell claims in an affidavit that during the period in question he became very de-

pressed and simply could not endure dealing with the pressures of the estate. This claim is supported by affidavits from colleagues who state that due to the pain from his injury and his separation from his wife, Mitchell appeared to suffer from significant depression. The colleagues believe that the physical and mental distress contributed to a degree of impairment which may have affected his judgment in dealing with his practice.

Mitchell also states that one of the heirs to the estate obtained his home telephone number and began to call him almost daily. He states in the affidavit and a response to the complaint that the original misrepresentation was blurted in exasperation during a night phone call. He is unaware of when he made the additional misrepresentations. The attorney for the heirs to whom Mitchell made his misrepresentations stated that his clients called Mitchell and that they were particularly demanding.

In *Adams v. Kentucky Bar Association,* Ky., 877 S.W.2d 609 (1994), we issued a public reprimand in similar circumstances. The attorney misrepresented to his clients that papers had been served on the defendant. However, after charges were filed with the KBA, "the clients' issues were promptly and satisfactorily concluded." In addition, the attorney had a medical condition which contributed to his unethical conduct.

Based upon the record, we find that Mitchell violated SCR 3.130–4.1 and SCR 3.130–8.3(c) by making misrepresentations of material fact. Due to the mitigating effect of Mitchell's impairment during the period of time in which the admitted misrepresentations were made and the fact that neither the estate nor the heirs to whom he made the misrepresentations were harmed by the misrepresentations, we hereby publicly reprimand William E. Mitchell.

Mitchell shall pay the costs of these proceedings, in the amount of $1,831.65.

All concur.